Dear Mr. Delahaye:
On behalf of the West Baton Rouge Parish Council you have requested an opinion of the Attorney General as to the effect, if any, of the Parish President's veto of the Parish Councils' action deleting a capital improvement item that was part of the original annual operating budget submitted to the council by the president. Included in your request was a copy of the West Baton Rouge Parish Home Rule Charter, copy of veto statement #5 from the Parish President relating to the Councils action to delete funding for the partial enclosure of a pavilion at the West Baton Rouge Community Center in Port Allen, copy of five (5) line item vetoes by the Parish President, copy of the minutes of the December 12, 2002, regular meeting of the West Baton Rouge Parish Council and the January 9, 2003, council resolution requesting the Attorney General Opinion.
West Baton Rouge Parish is a political subdivision of the State of Louisiana operating under a home rule charter form of government. Local governments are authorized to adopt or amend a home rule charter in accordance with the provisions of Article VI, Section 5 of the Louisiana Constitution.
Article III, Section 3-09 of the West Baton Rouge Parish Home Rule Charter sets forth the powers and duties of the Parish President and which includes the duty to prepare and submit the annual operating budget to the parish council. In this case the proposed annual operating budget submitted to the council by the president included the funding for the partial enclosure of a pavilion at the West Baton Rouge community Center in Port Allen.
Article II, Section 2-11 of the Home Rule Charter sets forth the actions of the Parish Council that requires passage of an Ordinance and reads as follows:
 An act of the council having the force of law shall be by ordinance. An act requiring an ordinance shall include but not be limited to those which:
Adopt the operating budget and capital improvement budget and appropriate funds for the Parish government.
 All ordinances shall be codified in accordance with Article VI, Section 10 of the constitution.
As required by the Parish Home Rule Charter the proposed annual operating budget was submitted by the Parish President to the Parish Council for consideration. Amendments to the budget are accomplished by the council by the passage of a resolution. Amendments can include the addition or deletion of a proposed appropriation. In this case the Council passed resolutions that added appropriations and passed a resolution that deleted the proposed funding of the pavilion at the Community Center. The Council then passed an ordinance adopting the annual operating budget and presented the ordinance to the president in accordance with Article II, Section 2-13 of the Parish Home Rule Charter.
Article II, Section 2-13 provides as follows:
Every ordinance adopted by the council shall be presented to the president within three (3) days after adoption.
Within 10 days after the president's receipt of an ordinance the ordinance shall be returned to the clerk of the council with the president's approval or with the president's veto. . . . All ordinances vetoed by the president shall be vetoed in full, except that the president shall have authority to veto individual appropriation items in the ordinances adopting the operating and capital improvement budget and amendments thereto.
Ordinances vetoed by the president shall be submitted to the council by the clerk of the council no later than the next regular meeting held after publication of the veto statement. Should the council vote to override the president's veto of the ordinance by the favorable vote of at least two-thirds of its authorized membership, said ordinance shall be considered finally enacted in accordance with the section on "Ordinances in General" and become law irrespective of the veto by the president.
The Council timely submitted the ordinance adopting the annual operating budget to the President who issued a line item veto of four (4) of the appropriations that were added by the council and issued a veto statement of the Councils' action deleting the funding of the pavilion at the Community Center.
On December 12, 2002, and in accordance with Article II, Section 2-13(C), the Parish Council held its regular meeting and by a vote of at least two-thirds of the council voted to override the line item veto of the parish president as to three (3) of the added appropriations and voted to override the veto statement of the Parish President which related to the omission of funding of the pavilion at the Community Center in Port Allen.
Article III, Section 3-09 of the West Baton Rouge Parish Home Rule Charter provides that the Parish President prepare and submit an annual operating budget to the Parish Council. The council may then amend the budget by resolution to add or delete individual appropriation items and then adopt by ordinance a final budget. Article II, Section 2-13 provides that upon return of the ordinance adopting the operating budget the president may either approve the ordinance as submitted, veto the ordinance in its entirety or exercise his authority to veto individual appropriation items that are set forth in the ordinance adopting the operating and capital improvement budget. There is no provision in the home rule charter granting the parish president veto power over the amendments made to the budget by the council that delete appropriation items prior to final adoption. The parish president has no authority under the Parish Home Rule Charter to veto the absence of an appropriation that was properly deleted by the council.
It is therefore the opinion of this office that the November 22, 2002, veto statement made by the parish president to the councils' action amending the annual operating budget to delete a capital improvement item before final adoption of the budget by ordinance was not authorized by the West Baton Rouge Parish Home Rule Charter and has no legal effect.
We trust that this answers your inquiry.
Very truly yours,
RICHARD P. IEYOUB
Attorney General
 By: _______________________________ RICHARD L. McGIMSEY Assistant Attorney General
RPI/RLM/dam
Date Released: April 11, 2003
Richard L. McGimsey
Assistant Attorney General